UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN STANLEY FOWLKES,

        Petitioner,

                                              CASE NO. 03-CV-71597
v.                                          HONORABLE GEORGE CARAM STEEH

DUNCAN MACLAREN,

        Defendant.
                                        /

**ORDER DENYING PETITIONER'S MOTION**
**FOR RECONSIDERATION (Doc. 24)**

On October 21, 2013, Melvin Fowlkes, a Michigan prisoner appearing pro se, filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) of this court's January 8, 2004 order (Doc. 18) denying his 42 U.S.C. § 2254 habeas corpus petition. Fowlkes was convicted in 1999, following a plea of nolo contendere, of two counts of assault with intent to commit murder, one count of being a felon in possession of a firearm, and one count of being a habitual offender. On October 28, 2013, this court denied Fowlkes' motion for relief from judgment as time barred. Now before the court is Fowllkes' motion for reconsideration, in which he argues that this court should have considered on the merits his argument that the state court lacked jurisdiction to sentence him as challenges to the subject matter jurisdiction of the court may be made at any time. The standard of law for deciding a motion for reconsideration is set forth in Local Rule 7.1(h)(3) which provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same

-1-

issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

Fowlkes' motion for reconsideration shall be denied, because even if this court had considered his motion on the merits and had not denied it as time-barred, the result would be the same.

Fowlkes argues that the state court lacked jurisdiction to sentence him pursuant to the habitual offender statute because the state court allegedly vacated his assault convictions. This is not true. The state court vacated his assault sentences, not his convictions, as was required under Michigan's habitual offender provision in effect at the time of his sentence. Jaadan v. Gonzales, 211 Fed App'x 422, 429 (6th Cir. 2006) (citing (MCL § 769.13 and People v. Miller, 152 Mich. App. 508, 394 N.W.2d 459, 461 (1986)). Accordingly, Fowlkes claim that the sentencing court lacked jurisdiction is without merit and fails to demonstrate a palpable defect by which the court has been misled. For this reason, Fowlkes' motion for reconsideration (Doc. 24) hereby is DENIED.

**IT IS SO ORDERED**.

Dated: November 26, 2013

                                                  s/George Caram Steeh
                                                  GEORGE CARAM STEEH
                                                  UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 26, 2013, by electronic and/or ordinary mail and also on Melvin Fowlkes #291038, Kinross Correctional Facility, 16770 S. Watertower Drive, Kincheloe, MI  49788.

s/Barbara Radke
Deputy Clerk